**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: May 3, 2022
Date Decided: May 9, 2022

A. Thompson Bayliss, Esquire
Michael A. Barlow, Esquire
Eliezer Y. Feinstein, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

Raymond J. DiCamillo, Esquire
Kevin M. Gallagher, Esquire
Daniel E. Kaprow, Esquire
Caroline M. McDonough, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

Peter J. Walsh, Jr., Esquire
Matthew F. Davis, Esquire
Abraham C. Schneider, Esquire
Patrick A. Lockwood, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801

RE: *In re Aerojet Rocketdyne Holdings, Inc.*
C.A. No. 2022-0127-LWW

Dear Counsel:

This letter addresses the motion to quash and for a protective order filed by non-party Gibson Dunn & Crutcher LLP ("GDC"). The motion concerns subpoenas *duces tecum* and *ad testificandum* that plaintiff Warren Lichtenstein served on GDC. For the reasons discussed below, the motion is denied with one exception.

GDC is the longtime counsel of Aerojet Rocketdyne Holdings, Inc. (the "Company") and currently serves as litigation counsel for the defendants, who

comprise half of the Company's board of directors (the "Board"). The plaintiffs—who make up the other half of the Board—served the subpoenas on March 7, 2022 and April 14, 2022, respectively.[1]

On April 16, 2022, Lichtenstein's counsel provided a proposed search protocol for GDC's documents.[2] The protocol sought documents from two corporate partners at GDC and from litigation partner Randy Mastro. GDC did not produce documents in response to the subpoena *duces tecum* but served written responses and objections.[3] GDC also did not engage with Lichtenstein's counsel on the proposed search protocol.

GDC's motion was filed on April 27, 2022. It rests, in large part, on the assertion that the plaintiffs' subpoenas seek privileged information.[4] Similar arguments were addressed in the court's May 5, 2022 letter decision regarding Lichtenstein's motion to compel.[5] The court explained that the plaintiffs are entitled to access the Company's privileged information because they are incumbent Board members and not adverse to the Company. For the same reasons,

---

[1] Dkts. 62, 117.

[2] Pl.'s Opp'n to Mot. to Quash and for Protective Order ("Pl.'s Opp'n") Ex. 18 (Dkt. 184).

[3] Pl.'s Opp'n Ex. 7.

[4] Mot. to Quash and for Protective Order ("Mot. to Quash") ¶¶ 18-25 (Dkt. 161).

[5] Dkt. 205.

the plaintiffs are entitled to the Company's privileged communications with its outside counsel at GDC.

GDC further argues that the subpoenas seek duplicative discovery that has been or could be obtained from the defendants or the Company.[6]  Duplicative requests are "forbidden when the objecting party shows that the discovery request is fully duplicative and meant to harass the producing party."[7]  Though GDC's production may overlap in some respects with the productions from the defendants or the Company, I cannot conclude that the document requests are fully duplicative or intended to harass.  Search parameters can be negotiated to reduce duplication while allowing for the discovery of relevant, admissible information.

GDC has also not shown that the subpoenas are overbroad or seek irrelevant information.[8]  The scope of discovery permissible under Court of Chancery Rule 26 is "broad and far-reaching."[9]  The plaintiffs are alleging that the defendants used Company resources—including Company counsel—to advance the

---

[6] Mot. to Quash ¶¶ 26-30.

[7] *Grace Bros., Ltd. v. Siena Hldgs., Inc.*, 2009 WL 1547821, at *1 (Del. Ch. June 2, 2009); *see Hamilton P'rs v. Highland Cap. Mgmt. L.P.*, 2016 WL 612233, *6 (Del. Ch. Feb. 2, 2016) (finding a discovery request "neither fully duplicative nor oppressive" where it was reasonable to suspect that parties would submit different documents for the same requests and where submitting the same requests would allow the plaintiff to test for completeness and accuracy).

[8] Mot. to Quash ¶¶ 31-33.

[9] *Cal. Pub. Emps. Ret. Sys. v. Coulter*, 2004 WL 1238443, at *1 (Del. Ch. May 26, 2004).

defendants' interests on matters over which the Board was deadlocked. Though I express no view on the merits of that issue, the discovery sought appears to be sufficiently relevant. Certain comprehensive requests, such as those seeking documents related to all aspects of GDC's representation of the Company regardless of time period, can likewise be narrowed through an appropriate search protocol.

In addition, GDC has not demonstrated that the discovery sought is overly burdensome. Although search term hit reports are not necessarily required for a party opposing discovery to demonstrate burden, some credible showing of burden must be advanced.[10] GDC's argument seems to be that it would be burdensome for it to produce documents given the exigencies of this case.

Circumscribed discovery lends itself to expedited litigation as a matter of practicality. Often, that tailoring of discovery comes in the form of search parameters (a date range, custodian list, and search terms). The search parameters proposed by Lichtenstein include just three document custodians and, for many requests, a date range spanning less than two months.[11] But, again, GDC did not

---

[10] *See Fortis Advisors LLC v. Johnson & Johnson*, 2021 WL 4314115, at *2-3 (Del. Ch. Sept. 21, 2021).

[11] Pl.'s Opp'n Ex. 18.

undertake negotiations on the parameters Lichtenstein proposed before filing this motion.

GDC makes one specific argument concerning burden: that discovery from opposing counsel in expedited litigation is manifestly burdensome. I am not entirely persuaded by that argument given the unique circumstances here. GDC is not just trial counsel—it has long served as counsel to the Company and allegedly participated in events that led to this litigation. "It is the case that when attorneys participate in the occurrence that gives rise to or relates to the legal claims being litigated, the information they may thus learn is generally not protected from discovery."[12] The discovery the plaintiffs seek from the defendants' trial counsel is, however, a different matter.[13]

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the Court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[14] The court will limit discovery if it "is unreasonably cumulative or duplicative, or is obtainable from some other source

---

[12] *Rainbow Navigation, Inc. v. Yonge*, 1988 WL 13564, at *1 (Del. Ch. Feb. 11, 1988).

[13] For clarity, "trial counsel" refers to the litigators at GDC representing the defendants in this lawsuit and at trial, not GDC as a whole.

[14] Ct. Ch. R. 26(b).

that is more convenient, less burdensome, or less expensive."[15] "[T]he discovery process as it might apply to trial counsel," in particular, must be carefully supervised by the court.[16] Discovery of trial counsel may put at risk "the confidentiality of client communications," the "prospect of possible disqualification," and "harassment or other improper motivation to a greater extent than ordinarily occurs."[17]

Lichtenstein asserts that he asks for this discovery primarily to understand who authorized the retention of GDC as litigation counsel in February 2022 and the February 3, 2022 letter from Mr. Mastro accusing the plaintiffs of misconduct.[18] The plaintiffs have other avenues to obtain this information, including discovery that the court expects is being provided given its ruling on the plaintiffs' motion to compel, that do not implicate the special considerations raised when discovery is directed to trial counsel. Those other sources of discovery are also less burdensome. Mr. Mastro—who is named as a document custodian in Lichtenstein's search protocol—is the defendants' lead trial counsel for a trial set

---

[15] *Id.*

[16] *Rainbow Navigation*, 1988 WL 13564, at \*1; *see also In re Oxbow Carbon LLC, Unitholder Litig.*, 2017 WL 2814879 (Del. Ch. June 29, 2017) (ORDER).

[17] *Rainbow Navigation*, 1988 WL 13564, at \*1.

[18] Pl.'s Opp'n ¶ 27.

to begin in two weeks.   Accordingly, GDC is entitled to a protective order insofar as the subpoenas seek discovery from the defendants' trial counsel.

With that exception, the motion is denied.  The court expects the parties to expeditiously meet and confer on an appropriate search protocol for GDC's production and the timing of a deposition (if any).  The court encourages the parties to endeavor to minimize unnecessary duplication with regard to documents sought from GDC given the approaching trial.  A rolling production should begin as soon as possible and be completed promptly.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

cc: All counsel of record (by *File & ServeXpress*)